WILLIAM WYER, as Trustee of the Long Island Rail Road Company, Respondent, v. STATE OF NEW YORK, Appellant.— Appeal from an order of the Court of Claims granting permission to file a claim. The claim is for freight charges for coal purported to have been delivered to the Pilgrim State Hospital by the Long Island Rail Road, in November and December, 1950, and under subdivision 4 of section 10 of the Court of Claims Act, the claim or notice of intention was required to have been filed not later than June 30, 1951. In February, 1952, claimant applied to the Court of Claims for an order permitting the late filing of the claim and the order granting such permission was granted in May, 1952. The officials at the hospital contended they had no record of the delivery of the coal for which the railroad claimed its freight charges, and while it appeared, as the State argues on appeal, that the charges were thus in dispute and a denial of responsibility was known to the railroad within a month after the accrual of the claim in December, 1950, and the claimant might then have filed a claim, still the parties seemed mutually to have kept the matter open for some months after this, and the State as late as June 29, 1951, at the very end of the period in which to file a claim, asked the railroad to advise the hospital how the shipper "determined that this coal was delivered." The parties seem to have been considering a settlement. The claimant was not the initiating carrier but had received the shipment from another carrier and the inquiry it pursued in response to the State's request is shown to have continued into January, 1952. Thus, the State knew almost from the time of the accrual of the claim what the railroad contended. The discretion of the court to excuse timely filing of the claim is based on its view that the State was not prejudiced and that both parties had continued apparently to deal with each other in the matter through all the period allowed for filing. The discretion was providently exercised, in our judgment, and the order is affirmed, with $10 costs and disbursements. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.